**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02526-REB-CBS

In Re: Assignment from William H. Brosseau

**ORDER DENYING MOTION TO REMAND**

**Blackburn, J.**

This matter is before me on **Settlement Funding, LLC's Motion To Remand** [#10][1] filed October 28, 2010. Nationwide Life Insurance Company filed a response [#13] and Settlement Funding filed a reply [#14]. I deny the motion.

## I.  FACTS

This case originated when Settlement Funding filed in state court a Petition for Declaratory Relief [#1-7]. The facts relevant to the motion to remand are not disputed. On July 28, 2010, Nationwide Life Insurance Company issued a twenty-year annuity contract to William H. Brosseau. The annuity provides that Brosseau will receive monthly payments of 780.65 dollars for the next twenty years, totaling 187,356 dollars. Borsseau paid Nationwide 135,000 dollars for the annuity. Nationwide says the annuity agreement and a supplementary agreement expressly forbid any assignment of the annuity contract by either Nationwide or Brosseau.

On September 10, 2010, "Brosseau entered into an Absolute Assignment Agreement ("Transfer Agreement") with Settlement Funding." *Petition for Declaratory Relief* [#1-7], ¶ 8.  Under the Transfer Agreement, Settlement Funding agreed to

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

purchase Brosseau's rights to the remaining 237 monthly payments due to Brosseau under the Nationwide annuity.  *Id.*, ¶ 9.  In exchange for his annuity rights, Brosseau agreed to a one time payment of 52,200 dollars from Settlement Funding.  *Notice of Removal*, Attached Civil Case Cover Sheet  [#1-6], Exhibit 2 (Transfer Agreement). On August 30, 2010, Brosseau delivered to Nationwide a "Notice of Irrevocable Transfer of Right Title and Interest in, to and Under Annuity Contract and Payments and Designation of Contingent Owner/Beneficiary."  *Response* [#13], Exhibit A.  In this document, which appears to have been executed by Brosseau, he requests that Nationwide make the remaining annuity payments to Settlement Funding.  Nationwide denied Brosseau's request, advising him that the annuity is not assignable.  *Response* [#13], Exhibit B.  At or about the same time, Brosseau delivered to Nationwide a notice of sale of annuity contract.  *Response* [#13], Exhibit C.  In this document, which appears to have been executed by Brosseau, he requests again that Nationwide make the remaining annuity payments to Settlement Funding.  In response, Nationwide again informed Brosseau that the annuity is not assignable. *Response* [#13], Exhibit D.

On September 20, 2010, Settlement Funding filed its Petition for Declaratory Relief [#1-7] in state court.  In its petition, Settlement Funding seeks the following declaratory relief:

> 1.  That on the documents before it pursuant to C.R.S. §13-51-101 er seq. that Brosseau, as the owner of the annuity payments may lawfully transfer and/or assign the Assigned Payments to Settlement Funding, LLC or its successors and assigns;
>
> 2.  That the Annuity Issuer [Nationwide] is hereby directed to remit the Assigned Payments to the following address of Settlement Funding, LLC: P.O. Box 116476, Atlanta, Georgia, 30368-6476; and
>
> 3.  That Brosseau no longer has the power or authority to request changes or modifications to the payment address or beneficiary designation relating

2

> to the Assigned Payments, and no other person or entity other than Settlement Funding, or its successors or assigns, shall have the power or authority to change the address for the payment of the Assigned payments.

*Petition for Declaratory Relief* [#1-7], p. 2, ¶¶ 1 - 3.  Notably, the Petition for Declaratory Relief defines the term "Assigned Payments" to mean "237 monthly payments each in the amount of $785.65 commencing on November 10, 2010 through and including July 10, 2030."  *Id.*, ¶ 9.  The total of those Assigned Payments is 186,199.05 dollars.

## II.  ANALYSIS

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one over which the district court would have had original jurisdiction.  In its **Notice of Removal** [#1], Nationwide asserts that this court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a) and that removal is proper under § 1441(a).  Of course, diversity jurisdiction exists if there is a complete diversity of citizenship among the parties and the amount in controversy exceeds 75,000 dollars, exclusive of interest and costs.  It is undisputed that Brossau is a citizen of Colorado, Nationwide is a citizen of Ohio, and Settlement Funding is a Georgia limited liability company that does not have any members in the state of Ohio.  Settlement Funding argues that this court does not have diversity jurisdiction over this case because (1) the amount in controversy is less than 75,000 dollars; and (2) removal is improper because Brosseau properly is aligned as a defendant, and Brosseau is a citizen of the State of Colorado.  28 U.S.C. § 1441(b), which controls removal, provides that a case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  I disagree with both of Settlement Funding's contentions.

Settlement Funding's prayer for relief in its petition demonstrates explicitly that well over 75,000 dollars is at issue in this case.  As detailed above, Settlement Funding seeks

3

in its petition a declaratory judgment requiring Nationwide to make payments to Settlement Funding totaling 186,199.05 dollars.  Thus, the amount in controversy far exceeds the minimum diversity jurisdiction threshold.

Settlement Funding's contention that Brossau is aligned as a defendant in this case also is without merit.

> To sustain diversity jurisdiction there must exist an 'actual', **Helm v. Zarecor**, 222 U.S. 32, 36, 32 S.Ct. 10, 11, 56 L.Ed. 77, 'substantial', **Niles-Bement-Pond Co. v. Iron Moulders' Union**, 254 U.S. 77, 81, 41 S.Ct. 39, 41, 65 L.Ed. 145, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. **Strawbridge v. Curtiss**, 3 Cranch 267, 2 L.Ed. 435. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'. **Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.**, 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision of interest', **Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.**, supra, 197 U.S. at page 181, 25 S.Ct. at page 421, 49 L.Ed. 713, exists, is therefore not to be determined by mechanical rules. It must be ascertained from the 'principal purpose of the suit', **East Tennessee, etc., Railroad Co. v. Grayson**, 119 U.S. 240, 244, 7 S.Ct. 190, 192, 30 L.Ed. 382, and the 'primary and controlling matter in dispute', **Merchants' Cotton-Press & Storage Co. v. Insurance Co.**, 151 U.S. 368, 385, 14 S.Ct. 367, 373, 38 L.Ed. 195. These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court.

**City of Indianapolis v. Chase Nat. Bank of City of New York**, 314 U.S. 63, 69 - 70 (1941) (footnotes omitted).  "Only when the parties are aligned to match their actual interests can the court determine whether § 1332 is satisfied." **Symes v. Harris**, 472 F.3d 754, 761 (10th Cir. 2006).  To determine the proper alignment of the parties, the court must look to the facts that exist at the time the action was commenced. **Farmers Alliance Mut. Ins. Co. v. Jones**, 570 F.2d 1384, 1387 (1978).

In the caption of Settlement Funding's petition [#1-7], Brosseau is not aligned as a

plaintiff or petitioner or defendant or respondent. Looking to the principal purposes of this lawsuit, it is clear that Brousseau is aligned with Settlement Funding as a plaintiff. The record reflects that Settlement Funding and Brosseau both desire a declaration that the Transfer Agreement is valid and effective, that Nationwide is obligated to deliver the annuity payments to Settlement Funding and not to Brosseau, and that Brosseau no longer has any control over the designation of the person to whom the annuity payments should be made. On the other hand, Nationwide opposes this relief and, therefore, is aligned properly as a defendant.

In sum, the diversity jurisdiction requirements of § 1332(a) are satisfied. There is complete diversity of citizenship among the parties and the amount in controversy in this case is in excess of the minimum diversity jurisdiction threshold. Brosseau is aligned as a plaintiff in this case. Thus, as required by § 1441(b), none of the parties in interest properly joined and served as a defendant is a citizen of the state in which this action was brought. Given these circumstances, removal of this case is proper under § 1441(b).

### III.  ORDER

**THEREFORE, IT IS ORDERED** that **Settlement Funding, LLC's Motion To Remand** [#10] filed October 28, 2010, is **DENIED**.

Dated December 17, 2010, at Denver, Colorado.

                **BY THE COURT:**

                */s/ Bob Blackburn*
                Robert E. Blackburn
                United States District Judge