## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 10-cv-02526-REB-CBS

In Re: Assignment from William H. Brosseau

### ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on **Nationwide Life Insurance Company's Motion To Dismiss and Request for Attorney's Fees** [#9] field October 22, 2010. The petitioner, Settlement Funding, LLC, filed a response [#19], and Nationwide filed a reply [#27]. I deny the motion.

### I. JURISDICTION

I have subject matter jurisdiction under 28 U.S.C. § 1332 (diversity).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).

I review the complaint to determine whether it "'contains enough facts to state a

claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1]  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  FACTUAL ALLEGATIONS

On July 28, 2010, Nationwide Life Insurance Company issued a twenty-year

---

[1]  ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974) (internal citations and footnote omitted).

annuity contract to William H. Brosseau. The annuity provides that Brosseau will receive monthly payments of 780.65 dollars for the next twenty years. The total of these payments is 187,356 dollars. Borsseau paid Nationwide 135,000 dollars for the annuity.

On September 10, 2010, "Brosseau entered into an Absolute Assignment Agreement ("Transfer Agreement") with Settlement Funding." *Petition for Declaratory Relief* [#1-7], ¶ 8. Under the Transfer Agreement, Settlement Funding agreed to purchase Brosseau's rights to the remaining 237 payments due to Brosseau under the Nationwide annuity. *Id.*, ¶ 9. In exchange for his annuity rights, Brosseau agreed to a one time payment of 52,200 dollars from Settlement Funding. *Notice of Removal*, Attached Civil Case Cover Sheet [#1-6], Exhibit 2 (Transfer Agreement). On August 30, 2010, Brosseau delivered to Nationwide a "Notice of Irrevocable Transfer of Right Title and Interest in, to and Under Annuity Contract and Payments and Designation of Contingent Owner/Beneficiary." *Response* [#13], Exhibit A. In this document, Brosseau requests that Nationwide pay the remaining annuity payments to Settlement Funding. Nationwide denied Brosseau's request, advising him that the annuity is not assignable. *Response* [#13], Exhibit B. Contemporaneously, Brosseau delivered to Nationwide a notice of sale of annuity contract. *Response* [#13], Exhibit C. In this document, Brosseau again requests that Nationwide pay the remaining annuity payments to Settlement Funding. In response, Nationwide again informed Brosseau that the annuity is not assignable. *Response* [#13], Exhibit D.

Seeking a determination that Borsseau's assignment is valid, Settlement Funding filed a petition for declaratory relief [#1-7]. Settlement Funding seeks, *inter alia*, a declaration that Brosseau, as the owner of the annuity payments, lawfully may transfer or

assign those payments to Settlement Funding.  *Petition* [#1-7], p. 2.

## IV.  ANALYSIS

Nationwide attached to its motion to dismiss an annuity contract and a Supplemental Agreement to Individual Annuity Contract.  *Motion to dismiss* [#9] filed October 22, 2010, Exhibits A and B.  Nationwide asserts that these two documents contain the terms of Brosseau's annuity and that under those terms the assignment at issue in this case is expressly forbidden.  Because the assignment is expressly forbidden, Nationwide argues, Settlement Funding's petition for a declaration that Brosseau's assignment is lawful must be dismissed for failure to state a claim on which relief can be granted.

Nationwide asserts that it properly may use Exhibits A and B in support of its motion to dismiss because the annuity contract is referenced in Settlement Funding's petition for declaratory relief [#1-7].  Generally, when a plaintiff refers to a document in the complaint and the document is central to a plaintiff's claim, the document may be considered in resolving a motion to dismiss the complaint, "at least where the document's authenticity is not in dispute."  **Utah Gospel Mission v. Salt Lake City Corp.**, 425 F.3d 1249, 1253 - 1254 (10th Cir. 2005).  Included with Settlement Funding's petition [#1-7] in this case is Exhibit A, a one page "Supplemental Agreement Data Page for Individual Annuity Contract."  The petition does not include any other documents that purport to state the terms of Brosseau's annuity.  Settlement Funding describes in its petition Brosseau's purchase of the annuity, and the terms of that annuity are central to Settlement Funding's claim.

In response to the motion to dismiss, Settlement Funding notes that "while

4

Nationwide attached copies of an Annuity Contract and Supplementary Agreement [to its motion to dismiss], neither of those documents contain any acknowledgment, execution or other evidence that Mr. Brosseau agreed to the terms set forth in Exhibits A and B to Nationwide's Motion to Dismiss." *Response* [#19], p. 5.  Settlement Funding disputes, or at least questions, whether or not Exhibits A and B to Nationwide's motion to dismiss are authentic representations of the terms of annuity purchased by Brosseau.  Because the authenticity of Exhibits A and B is disputed, I may not properly rely on the putative contract terms shown in Exhibits A and B to resolve the motion to dismiss.

The sole basis for Nationwide's motion to dismiss is the specific contract terms stated in Exhibits A and B.  Because I may not rely on Exhibits A and B in resolving the motion to dismiss, the motion to dismiss must be denied.

### V.  CASE CAPTION

The caption of this case, "In Re: Assignment from William H. Brosseau," is anomalous.  Settlement Funding's claim for declaratory judgment is brought under Colorado's Uniform Declaratory Judgment Law §§13-51-101 - 13-51-115, C.R.S.  Section 13-51-112 provides that an application for declaratory relief shall "be by petition to a court having jurisdiction to grant the relief."  Section 13-51-115 requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ."

The caption of Settlement Funding's petition [#1-7]does not name any parties.  Understandably, Settlement Funding has acted in this case as petitioner and Nationwide as respondent.  This case should be captioned to designate explicitly these parties in these roles.  In addition, William H. Brosseau is not a party to this case even though he

obviously has an interest "which would be affected by the declaration" sought by Settlement Funding.  §13-51-115, C.R.S.  Brosseau must be made a party to this case if Settlement Funding seeks to obtain the declaratory relief at issue in its current petition [#1-7] under Colorado's Uniform Declaratory Judgment Law.  I direct Settlement Funding to file an amended petition correcting these flaws on or before September 6, 2011.

## VI.  ORDERS

**THEREFORE, IT IS ORDERED** as follow:

1.  That **Nationwide Life Insurance Company's Motion To Dismiss and Request for Attorney's Fees** [#9] field October 22, 2010, is **DENIED**;

2.  That on or before September 6, 2011, Settlement Funding, LLC, **SHALL FILE** an amended petition designating in the caption Settlement Funding, LLC, as petitioner and Nationwide Life Insurance Company as respondent, and adding William H Brosseau as a party to this case.

Dated August 25, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge